IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CR-12-1H
No. 4:16-CV-80-H

BOLIVAR GOMEZ-FLORES
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

)
)
)
)
)
)
)

**ORDER**

This matter is before the court on the government's motion to dismiss, [DE #45], petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #38]. Petitioner has not filed a response, and the time for further filing has expired. This matter is ripe for adjudication.

## BACKGROUND

On May 11, 2015, petitioner entered a guilty plea without a written memorandum of plea agreement to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A) (Count One). On October 6, 2016, the court sentenced petitioner to a total term of imprisonment of 120 months. [DE #36]. Petitioner did not appeal. On May 31, 2016, petitioner timely filed the instant motion to vacate under 28 U.S.C. § 2255, [DE #38], arguing his counsel rendered ineffective assistance by

1) not stressing petitioner's minor participation in the seizure sufficiently so that petitioner would be responsible for a lesser charge and receive a lesser sentence; 2) not assisting to the best of his ability because he did not attempt to negotiate petitioner's case with the Assistant United States Attorney ("AUSA"); 3) petitioner not being able to speak English and not understanding what he was signing in the plea agreement; 4) failing to arrange several meetings with the AUSA and Drug Enforcement Agency ("DEA") agents to discuss petitioner's case before sentencing; 5) failing to demonstrate to the AUSA and DEA at petitioner's sentencing that petitioner's cooperation involved another person who had hired petitioner and who owned the methamphetamine he possessed; 6) petitioner's cooperation in the case was sufficient to arrest this other individual and his associates; and 7) after petitioner cooperated and provided detailed information about his case, there was never an agreement in his case between the AUSA, counsel, and petitioner. [DE #38 at 5, 7].

## COURT'S DISCUSSION

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's

conduct was "within the wide range of reasonable professional assistance." Id. at 689. The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. (citing Engle v. Isaac, 456 U.S. 107, 133-34 (1982)). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The court observes petitioner has argued that counsel rendered ineffective assistance as a result of petitioner's inability to speak English and "to understand what [he] was signing in [his] plea agreement." [DE #38 at 5]. However, the court notes petitioner entered a plea of guilty without a plea agreement, and petitioner had a sworn Spanish interpreter at arraignment and at sentencing. Petitioner's argument that his cooperation failed to result in a plea agreement or reduction in sentence does not necessitate the conclusion that counsel failed to render effective assistance. The court observes defense counsel filed a sentencing memorandum requesting a downward variance as well as a written objection to the presentence investigation report ("PSR").

3

[DE #30 and #34]. Based on defense counsel's motion for a downward variance, the court sentenced petitioner to 120 months, the statutory minimum for his offense and 15 months below the advisory guideline range found in his PSR. [DE #30 and #36]. As to petitioner's claims regarding meetings with the AUSA and DEA agents, the court recognizes that in order to prevail, petitioner would have to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The court finds petitioner has not alleged facts showing counsel's assistance fell "below the standard of reasonably effective assistance." Id. at 687-91.

For the reasons stated above as well as in the government's memorandum, the court finds petitioner has failed to state a claim upon which relief may be granted, specifically that he has failed to state a claim for ineffective assistance of counsel.

### CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #45], is GRANTED. Accordingly, petitioner's motion to vacate, [DE #38], is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard

by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 23rd day of July 2018.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35

5